Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs Lucha Libre USA, LLC, Promociones Antonio Pena S.A. DE C.V.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCHA LIBRE USA, LLC, a Delaware Limited Liability Company; PROMOCIONES ANTONIO PENA S.A. DE C.V., a Mexican company,<br><br>Plaintiffs,<br><br>vs.<br><br>PRO WRESTLING ORGANIZATION, LLC d/b/a NATIONAL WRESTLING ALLIANCE, a North Carolina Limited Liability Company; NWA PRO WRESTLING, LLC, a North Carolina Company; ROBERT TROBICH, an individual; DAVID MARQUEZ, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV07-07724 GAF (RCx)<br><br>COMPLAINT FOR DAMAGES:<br><br>1. ***TRADEMARK INFRINGEMENT*** (15 U.S.C. §1114);<br><br>2. ***FALSE OR MISLEADING DESCRIPTIONS AND REPRESENTATIONS, AND DILUTION*** (15 U.S.C. §1125);<br><br>3. ***UNFAIR COMPETITION AND UNFAIR PRACTICES (Cal. Bus. & Prof. Code §§17200-17208; AND***<br><br>4. ***COMMON LAW UNFAIR COMPETITION*** |

Plaintiffs Lucha Libre USA, LLC ("Lucha Libre") and Promociones Antonio Pena S.A. DE C.V. ("Antonio Pena S.A.") (collectively hereinafter referred to as "Plaintiffs") for their claims against Defendants Pro Wrestling Organization LLC d/b/a National Wrestling Alliance ("NWA"), NWA Pro Wrestling, LLC ("NWA Pro Wrestling"), Robert Trobich ("Trobich") and David Marquez ("Marquez") (collectively hereinafter referred to as "Defendants") respectfully allege as follows:

1.

COMPLAINT FOR DAMAGES

# JURISDICTION AND VENUE

1. Plaintiff Antonio Pena S.A. is the successor in interest to all of the trademarks and intellectual property formerly owned by Mr. Antonio Pena and thereafter upon his death, the Estate of Antonio Pena. Plaintiff Lucha Libre is the exclusive licensee in the United States and Canada for all the trademarks and other intellectual property rights owned by Antonio Pena S.A. This action is being commenced by Plaintiffs based upon Defendants' willful acts of trademark counterfeiting and infringement, unfair competition and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement, unfair competition and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has personal jurisdiction over Defendants because Defendants have committed unlawful acts alleged herein in the state of California.

3. This action arises out of wrongful acts of Defendants' use of Plaintiffs' trademarks and other intellectual property, including advertising, organizing, producing, presenting and promoting wrestling events by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

# THE PARTIES

4. Plaintiff Lucha Libre is a limited liability company duly organized and existing under the laws of the State of Delaware.

5. Plaintiff Promociones Antonio Pena S.A. is a limited liability Mexican company organized and existing under the laws of Mexico.

6. Upon information and belief, defendant Pro Wrestling Organization, LLC is a limited liability company formed under the laws of the State of North Carolina and doing business under the assumed name NWA Pro Wrestling, having

an office and place of business at 5635 Timber Lane, Charlotte, North Carolina 28270.

7.	Upon information and belief, NWA Pro Wrestling LLC is a limited liability company formed under the laws of the State of North Carolina with an office and place of business at 5635 Timber Lane, Charlotte, North Carolina 28270.

8.	Upon information and belief, defendant Robert Trobich is the Executive Director and General Counsel to Defendant, NWA and is one of the conscious, dominant and active forces behind the wrongful acts of defendants, NWA and NWA Pro Wrestling complained of herein; which wrongful acts he has engaged in for the gain and benefit of defendants NWA and NWA Pro Wrestling and for his own individual gain and benefit.

9.	Upon information and belief, defendant David Marquez is one of the conscious, dominant and active forces behind the wrongful acts of defendants NWA and NWA Pro Wrestling complained of herein; which wrongful acts he has engaged in for the gain and benefit of defendants NWA and NWA Pro Wrestling and for his own individual gain and benefit.

10.	Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend its complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

11.	Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the

1 damages caused thereby, and by their inaction ratified and encouraged such acts and
2 behavior.  Plaintiff further alleges that Defendants and DOES 1 through 10,
3 inclusive, had a non-delegable duty to prevent or cause such acts and the behavior
4 described herein, which duty Defendants and DOES 1 through 10, inclusive, failed
5 and/or refused to perform.

## NATURE OF ACTION

7  12.  Plaintiffs seek injunctive relief and damages based upon Defendants'
8 willful infringement of Plaintiffs' various intellectual property rights, including
9 Plaintiff Antonio Pena S.A.'s registered trademarks. Defendants' willful
10 infringement has impacted both upon Plaintiffs' rights directly as well as Plaintiffs'
11 ability to keep the viewing public from being confused.  It has been Defendants'
12 intent, by inter alia, using the names of Plaintiffs' wrestlers, to create the appearance
13 that Defendant's public wrestling events are actually events produced by Plaintiffs.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15  13.  Over 16 years ago, Mr. Antonio Pena (also known as Antonio Hipolito
16 Pena Herrada), a well-known ex-wrestler in Mexico, started his own wrestling
17 leagues known as Asistencia Asesoria Y Administracion (the "AAA"), Lucha Libre
18 Latino Americana (the "LLL") and Promociones Antonio Pena S.A. de C.V.
19 ("PAP") (hereinafter collectively referred to as the "Lucha Libre Events"). Over the
20 past 16 years, the entertaining public events produced by Antonio Pena S.A.'s
21 wrestling leagues have become the premier and most watched wrestling events in
22 Mexico.  Annexed hereto and identified as Exhibit 1 are copies of Plaintiff Antonio
23 Pena S.A.'s U.S. Trademark Registrations for the LLL plus Design and AAA plus
24 Design trademarks.
25  14.  As a result of the great popularity of Plaintiff Antonio Pena S.A.'s
26 wrestling leagues, wrestling has become one of the most popular and highly attended
27 forms of sports entertainment in Mexico, second only to soccer events.  Events held
28 by both of the Plaintiffs are frequently held in and consistently sold out in 20,000

1  seat venues. Annexed hereto and identified as Exhibit 2 is a copy of an article dated
2  June 11, 2005 in the Economist magazine discussing the success and popularity of
3  Plaintiffs' wrestling events.
4      15.    In addition to the popularity of Plaintiffs' live events, Plaintiffs'
5  wrestling events are frequently aired in the U.S. on popular cable TV channels, such
6  as Galavision, which is the largest Spanish speaking cable network in the United
7  States.
8      16.    A significant factor leading to the lure and popularity of Plaintiffs'
9  wrestling events is derived from the unique personalities and appearances of
10 Plaintiffs' wrestlers. Over time, Plaintiffs' distinctively unique wrestlers have come
11 to garner cult-like followings and legendary status with the viewing public.
12     17.    Some of Plaintiffs' legendary wrestlers go by such stage names as
13 LATIN LOVER, LA PARKA; PSICOSIS and MASCARA SAGRADA (hereinafter
14 collectively referred to as "Lucha Libre Wrestlers"). These stage names have
15 become important trademarks of plaintiff Antonio Pena S.A.. Viewers of Plaintiffs'
16 wrestling events specifically attend such events to see the Lucha Libre Wrestlers.
17 Annexed hereto and identified as Exhibit 3 are copies of U.S. Trademark
18 Registrations for the stage names of the Lucha Libre Wrestlers. (These and the
19 trademarks of Exhibit 1 are hereinafter collectively referred to as "Plaintiffs'
20 Marks")
21     18.    The Lucha Libre Wrestlers and their registered stage names have
22 become so well known to the viewing public of wrestling events that over time they
23 have become synonymous with the Plaintiffs. Furthermore, most if not all the
24 wrestlers performing in Lucha Libre Events are, by contract, employees of the
25 Plaintiffs and not permitted to perform for any other wrestling organizations unless
26 expressly permitted by the Plaintiffs.
27 ///
28 ///

19. In 1995, Antonio Pena S.A. brought its popular wrestling events to the United States for a two show event. These two shows were such a hit with the U.S. public that Antonio Pena S.A.'s shows have continued ever since in the U.S.

20. In 2006, Plaintiff Lucha Libre (successor in interest to Latin Media Group LLC) received an exclusive license from Antonio Pena S.A. to be the exclusive licensee for Plaintiffs' Marks in connection with organizing, producing, presenting and promoting Lucha Libre Events in the United States and Canada.

21. Since 2006, Plaintiff Lucha Libre has organized, produced, presented and promoted shows in 44 different markets in the U.S. and Canada drawing a total of almost six hundred thousand viewers.

**COUNT I - TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

22. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. 1051, et al, particularly under 15 U.S.C. 1114(1) and alleges the infringement of trademarks registered under the laws of the United States.

23. In August of 2007, it was brought to the Plaintiffs' attention that the Defendants, with full knowledge of the fame and reputation of Plaintiffs' Marks, were organizing, advertising and promoting a wrestling event using the Plaintiffs Marks at the Orleans Arena in Las Vegas, Nevada. Plaintiffs' counsel immediately sent Defendants a cease and desist letter on August 16, 2006, putting the Defendants on notice that their Las Vegas show was infringing upon Plaintiffs' Marks. Annexed hereto and identified as Exhibit 4 is a copy of the August 16, 2007 cease and desist letter. (hereinafter referred to as the "Notice Letter").

24. As a result of ongoing correspondence between Plaintiffs' counsel and the Defendants, on behalf of the Defendants, Trobich sent Plaintiffs' counsel a letter on August 23, 2007 assuring Plaintiffs that no wrestler would appear on the show that would infringe upon the Plaintiffs Marks. Annexed hereto and identified as Exhibit 5 is a copy of Trobich's letter of August 23, 2007 (hereinafter referred to as the "Trobich Letter").

25. However, contrary to the assurances made by Defendants in the Trobich Letter and as a result of Plaintiffs' follow-up investigation, it was revealed that the Defendants had intentionally, knowingly and willfully infringed upon the Plaintiffs Marks by using wrestlers with the same look and likeness of the Lucha Libre Wrestlers and using stage names that comprise the Plaintiffs' Marks, without the consent or permission of the Plaintiffs, in order to deceive the public as to the origin and actual identity of Defendants' wrestlers.

26. By reason of Defendants' use of Plaintiffs' Marks in the course of organizing, producing, presenting and promoting their wrestling events, without obtaining the authorization of the Plaintiffs, Defendants have infringed upon Plaintiffs' rights in Plaintiffs' Marks.

27. The goodwill and favorable reputation residing in Plaintiffs' Marks is a valuable asset belonging to the Plaintiffs, and whose value does not lend itself to exact quantification but is clearly in excess of Four Million Dollars ($4,000,000). There can be no doubt that the acts complained of herein have the potential for inflicting substantial injury to Plaintiffs' Marks and their corresponding goodwill.

28. Defendants' wrestling events, which wrongfully use Plaintiffs' Marks, or marks confusingly similar thereto, have resulted in confusion by the viewing public as to the entity promoting the wrestling events.

29. The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiffs Marks; are in total disregard of Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the Plaintiffs' Marks, or marks confusingly similar thereto, was and is in direct contravention of Plaintiffs' rights.

30. Plaintiffs have no remedy at law and have suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

///

## COUNT II - FEDERAL UNFAIR COMPETITION

31. Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 26 as though fully set forth herein.

32. This claim arises under the provision of the Trademark Act of 1946, 15 U.S.C. 1051, et seq., particularly under 15 U.S.C. 1125(a) and alleges the use in commerce of a false designation of origin and false or misleading description of fact and false or misleading representation of fact.

33. Plaintiffs' Marks are widely and closely associated with Lucha Libre Events.

34. The goodwill of Plaintiffs' Marks and the favorable reputation residing in Plaintiffs' Marks is a valuable asset belonging to the Plaintiffs.

35. Defendants, with knowledge of the widespread recognition of Plaintiffs' Marks among the relevant segment of the market and with the specific intent to exploit that recognition, have undertaken to organize, produce, present and promote wrestling events using wrestlers bearing counterfeits of Plaintiffs' Marks. It is Defendants' intention to have viewers of their events believe that Defendants' wrestling events are in part or in whole performed by Lucha Libre Wrestlers.

36. By reason of Defendants' organization, productions, presentation and promotion of wrestling events using the likeness and stage names of the Lucha Libre Wrestlers, the viewing public has been and is being mislead as to the nature and quality of wrestling events held by Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051.

37. By reason of the foregoing, Defendants have used in commerce, on or in connection with the goods and/or services, a false designation of origin, a false or misleading description of fact or false or misleading representation of fact, including words, terms, names, devices and symbols or a combination thereof which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of such Defendants with Plaintiffs or as to the origin, sponsorship, or

approval of Defendants' wrestling events or commercial activities by Plaintiffs with full knowledge of the falsity of such designations of origin or such descriptions or representations, all to the detriment of the Plaintiffs.

38. Plaintiffs have no adequate remedy at law and have suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

## COUNT III - DILUTION

39. As a complete and third ground for relief, Plaintiffs hereby charge Defendant with dilution and hereby reallege and reasserts all of the allegations contained in paragraphs 1 through 19, 21 through 26 and 30 through 33 and 35 hereof as though fully set forth herein.

40. Defendants' advertising, promotion, offering for sale and sale of tickets to wrestling events infringing upon Plaintiffs' Marks is likely to dilute the distinctive quality of the stage names used by Plaintiffs' Lucha Libre Wrestlers and the goodwill in Plaintiffs' Marks and injure Plaintiffs' business reputation in violation of the federal anti-dilution law, Lanham Act §43 (c), 15 U.S.C. §1125 (c). Defendants' infringing activities have been and are being committed willfully.

## COUNT IV - COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

41. As a complete and fourth ground for relief, Plaintiffs hereby charge Defendants with common law unfair competition under the laws of the State of California, and hereby reallege and reassert all of the allegations contained in paragraphs 1 through 19, 21 through 26, 30 through 33 and 35 hereof as though fully set forth herein.

42. Defendants' adoption and use of the Plaintiffs' Marks in connection with their wrestling events is likely to cause confusion in the marketplace between

///

Lucha Libre Events and those wrestling events by Defendants, thus constituting an infringement of Plaintiffs' valuable common law rights.

43.   Upon information and belief, Defendants are "palming off" their infringing wrestling events as the high quality events of Plaintiffs and are thus deliberately and knowingly misappropriating and diverting Plaintiffs' valuable proprietary rights and goodwill, and the reputation symbolized thereby, thereby unfairly competing with Plaintiffs.

44.   Upon information and belief, Defendants' unfair competition has caused and, if allowed to continue, will continue to cause ticket sales at Plaintiffs' Lucha Libre Events to be lost and/or diverted to Defendants. Further, Defendants' unfair competition has caused substantial and irreparable damage and injury to Plaintiffs' Marks and in particular to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to the Plaintiffs.

45.   Plaintiffs have no adequate remedy at law and have suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

WHEREFORE, Plaintiffs demand:

A.   that Defendants, their officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminary and permanently enjoined from using the Plaintiffs' Marks in any manner and from using any mark confusingly similar thereto; and from organizing, producing, presenting and promoting wrestling events that infringe upon Plaintiffs' Marks and any mark confusingly similar thereto;

B.   that Defendants, their officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminary and permanently enjoined from competing unfairly with Plaintiffs from

falsely representing and falsely designating the origin and sponsor of Defendants' events and from diluting the distinctive nature of Plaintiffs' Marks and from engaging in false advertising;

 C. that Defendants be required to pay to Plaintiffs damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by Defendants through the promotion and advertising of wrestling events that infringe upon Plaintiffs' Marks or any mark confusingly similar thereto;

 D. that Plaintiffs be awarded statutory damages by reason of the infringement of Plaintiffs' Marks;

 E. that Plaintiffs be awarded treble damages, punitive damages, reasonable attorneys' fees and the costs and disbursements of this action;

 F. that Plaintiffs be granted an award of punitive damages in view of the willful and malicious nature of Defendants' tortious acts; and,

 H. that Plaintiffs have such other and further relief as the Court deems just and equitable.

DATED: November 26, 2007  BLAKELY LAW GROUP

By: _____
Brent H. Blakely
*Attorneys for Plaintiffs Lucha Libre USA, LLC, Promociones Antonio Pena S.A. DE C.V.*

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038 2401

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 3,212,053
Registered Feb. 27, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



HERRADA, ANTONIO HIPOLITO PEÑA (MEXICO INDIVIDUAL)
XOCHITITLA NO. 20-B
COLONIA SAN ANDRES TETEPILCO
MEXICO D.F., 09440, MEXICO

FOR: SERVICES RENDERED IN THE ORGANIZATION, EXECUTION AND CONSULTING OF PROFESSIONAL WRESTLING EVENTS AND ACTIVITIES BE IT FOR OR WITHOUT TELEVISION, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

OWNER OF MEXICO REG. NO. 814077, DATED 11-25-2003, EXPIRES 11-25-2013.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE MEXICO, APART FROM THE MARK AS SHOWN.

THE COLOR(S) RED, BLUE, GRAY AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE OUTERMOST OVAL AND THE LEFT PORTION OF THE SECOND OVAL APPEAR IN WHITE AND ARE OUTLINED IN GRAY. THE RIGHT PORTION OF THE SECOND OVAL APPEARS IN BLUE AND THE WORD MEXICO APPEARS IN WHITE ON THE BOTTOM PORTION OF IT. THE THIRD OVAL APPEARS IN RED AND THE CENTER OVAL APPEARS IN BLUE. IN THE BLUE CENTER OVAL ARE THE LETTERS LLL WHICH ARE WHITE AND OUTLINED IN GRAY. THE THREE LINES BENEATH THE LETTERS LLL APPEAR IN RED WITH WHITE CENTERS.

SER. NO. 76-631,068, FILED 2-17-2005.

CHRISIE B. KING, EXAMINING ATTORNEY

Assigned to:
Promociones Antonio Pena S.A. DE C.V.

Recordation in USPTO pending.

**Exhibit 1**

12.